## PULCINO v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

1. APPEAL—RECORD—CASE—STENOGRAPHER'S REPORT.

The stenographer's minutes, giving question and answer, should not be allowed as the case on appeal; but the evidence should be reduced to a strict narrative, and all superfluous matter omitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2490–2494.]

2. RAILROADS—OPERATION—ACCIDENT AT CROSSING—INSTRUCTION.

Where there was evidence that prior to a railroad crossing accident the gates were raised after a train had gone by, the court properly instructed that, even if the gates were up, it was the duty of deceased to use due care; but it was for the jury to say whether the gates were raised enough to warrant the deceased in believing it a declaration to him that the way was safe, and to what extent his vigilance was thereby lessened.

3. SAME—QUESTION FOR JURY.

In an action for death in a railroad crossing accident, the refusal to charge that the raising of the gates was not an invitation to pass, nor an assurance of safety, was not error; that being a question for the jury.

4. TRIAL—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action for death in a railroad crossing accident, the refusal to charge that, when a crossing is obscured by the smoke of a passing train, it is the duty of one about to cross to wait until the smoke clears away enough to enable him to see up and down the track, is not error, where the evidence shows that the smoke had cleared when deceased started to cross.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 596–612.]

5. SAME—IGNORING ISSUES.

Where there was evidence of the raising of the gates at a railroad crossing, so as to constitute an invitation to decedent to pass, an instruction that, when a railroad crossing is obscured by the smoke of a passing train, it is the duty of one about to cross to wait until the smoke clears away enough to enable him to see up and down the track, was properly refused, because of the omission of the element referred to.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 613–623.]

Miller and Jenks, JJ., dissenting.

Appeal from Trial Term, Kings County.

Action by Michael Pulcino, administrator of Pasquale Pulcino, against the Long Island Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Wm. C. Beecher, for appellant.
Thomas J. O'Neill, for respondent.

GAYNOR, J. The learned trial judge in settling the case on appeal allowed the stenographer's minutes by question and answer. This must have been inadvertent for the rule forbids it. The evidence should have been reduced to a strict narrative, and all superfluous colloquy and matter omitted. And attorneys for appellants asking this court to review the facts should observe this rule for the sake of their clients if for no other reason. The slovenly condition of the record in this case has doubled our labor of reading it.

As the decedent approached the crossing of the defendant's steam railroad, the gates were down, and a freight train was passing eastward, i. e., on the track on the side the deceased was on. The testimony on the plaintiff's side is that when this train had passed the gates went up about six feet and came down again, but the deceased passed under them as they were up, looked both ways as he walked ahead, and was struck on the second track, which was distant five feet from the first, by the engine of a passenger train going in the opposite direction. The gates could not go up or down except by the gateman turning a crank, and then they moved gradually. He was there on duty. The evidence on the defendant's side was that the gates did not go up, but that the deceased crouched and went under them while they were down and hurried across. The gateman testified also that the signal ball for each train had dropped at nearly the same time, and he had lowered the gates for both trains.

The learned trial judge sent only one question of negligence of the defendant to the jury, viz., whether the gates were raised about six feet as the first train got by, and, if so, whether that caused the accident. No exception was taken by the defendant to allowing the liability of the defendant to depend on that alone, and no objection thereto is made on appeal. The evidence was sufficient to enable the jury to fairly find that the gates were raised. The learned trial judge charged, substantially, on the question of the contributory negligence of the deceased, that even if the gates were up, it was the duty of the deceased to use due care, but that it was for the jury to say whether the gates were raised enough to warrant the deceased in believing that the raising of them was a declaration to him that the way was safe and to go ahead, and to what extent his vigilance was thereby lessened. In this there was no error. The case of Stack v. N. Y. C. & H. R. R. Co., 96 App. Div. 575, 89 N. Y. Supp. 112, has no bearing. There the gates were not raised in the presence of the deceased, but were permanently out of use. The refusal of the learned trial judge to charge in the present case that the gates as raised were not an invitation to pass or an assurance of safety was not error. It was for the jury to say whether the raising of the gates in the presence of the deceased was such.

The refusal to charge that when a crossing is obscured by the smoke of a passing train it is the duty of one about to cross to wait until the smoke clears away enough to enable him to see up and down the track was not error. First, the evidence presented no such case. While there was some smoke as the freight train passed, the evidence shows that it had substantially cleared when the deceased started to cross. Every one saw him plainly. Second, though the request be correct as a general proposition (Keller v. Erie R. Co., 183 N. Y. 67, 75 N. E. 965), that did not require it to be charged. It is only error to refuse to charge rules of law which are put in a form applicable to the facts of the case. The fact of the gate being raised as an invitation for persons to cross was an element that entered into the matter, and it was for the jury to say to what extent it threw the deceased off his guard, smoke or no smoke. The request should have taken this into account, for such was the case. If there had been no invitation by the

defendant for the plaintiff to cross, the request might have been good, if the tracks were so covered with smoke that one could not see.

The judgment and order should be affirmed, with costs.

RICH, J., concurs. WOODWARD, J., concurs in result. MILLER, J., reads for reversal, with whom JENKS, J., concurs.

MILLER, J. (dissenting). I agree that the court should not have charged the proposition, correct in the abstract, "that where a crossing is temporarily obscured by the smoke of a passing train it is the duty of one wishing to cross over to wait until the smoke clears away sufficiently for him to see up and down the track," but properly left it to the jury to say what care should have been exercised in that respect in view of the implied invitation to cross the track extended to the plaintiff by raising the gate; and I also agree that there was sufficient evidence to warrant the jury in finding that the gates were raised at least six feet and then lowered after the deceased had passed under, but I think the evidence of the plaintiff shows that the deceased did not exercise due care.

Notwithstanding the raising of the gate, the deceased was bound to be alert. He could not rely implicitly on the implied assurance that the crossing was safe, and proceed oblivious of his surroundings. Oldenburg v. N. Y. C. & H. R. R. R. Co., 124 N. Y. 414–418, 26 N. E. 1021. In that case the gates were fully raised, the gateman shouted to a team in waiting to go ahead, and it was proceeding to do so, and the deceased could only have seen the approaching train if he had looked an instant before he was hit, and it was held that the question of his negligence was for the jury. In the case at bar it appears that the deceased was familiar with the locality, as he was employed at the cemetery on the north side of the track, and was in the habit of crossing at that point to go to his work in the morning. There were two tracks at this point, an east and a west bound track; the distance between the rails of each track being 4 feet 8 inches and between the tracks 5 feet 4 inches, so it was 10 feet from the south rail of the east-bound track to the south rail of the west-bound track. The freight train had passed to the east, and in traversing that distance of 10 feet the deceased must have had an unobstructed view of the approaching west-bound train, except as his view may have been obscured by the trail of smoke from the engine on the freight train, about which there is some conflict—the plaintiff's theory being that the view was entirely obscured; the defendant's, that the wind had carried the smoke to the north, leaving the view of the track clear. The latter theory seems to be altogether the more probable. If we adopt it, we must hold that the deceased was negligent as matter of law. He was on foot, in control of his own movements, with nothing to look out for but himself; and even though the gates were raised sufficiently to warrant him in inferring that it was safe to cross, in the exercise of reasonable care he should have discovered the approaching train in time to avoid it, unless his vision was obscured by the smoke.

The care required on crossing the tracks of a steam railroad is much different from that required on crossing street car tracks in a city

street. A person on foot, in the exercise of due care, will usually discover an approaching train at a steam railroad crossing in time to avoid it; and it is only when exceptional circumstances exist that the inference of negligence is not so irresistible as to compel a holding to that effect as a matter of law. If we assume that the plaintiff's theory is correct, and that the view of his intestate was obscured by the smoke, that fact required greater caution on his part. While it may not have been negligent as matter of law to cross before the smoke had cleared away, in view of the raising of the gates, the presence of the smoke at least imposed on him the duty of being in control of himself. The plaintiff's own evidence shows clearly that the deceased saw the train when he was in a position of safety. When in the middle of the east-bound track, he and his companions stopped and looked to the left and to the right. His companions jumped back. He started to run, and was struck as he was crossing the last rail of the west-bound track. While it is not negligent to err in judgment, or to do an imprudent thing on the spur of the moment, when suddenly confronted by imminent peril, the situation, on the plaintiff's theory, was such as required the deceased in the exercise of due care to be on the alert, so as not to be disconcerted by the very thing which it was his duty to look out for. The conclusion is irresistible that if the deceased had stopped when he first saw the train, he would not have been hit. Instead of doing that, he tried to run ahead of the train, and whether he deliberately took the chance of being hit, or was disconcerted because he had not been paying sufficient heed theretofore, he was guilty of negligence, and the complaint should have been dismissed on that ground.

JENKS, J., concurs.